LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29246

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

2010 JAN 22 AM 8:51 FILED

WARREN A. SUGANO, Claimant-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF THE ATTORNEY GENERAL,
Employer-Appellee, Self-Insured

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS
APPEALS BOARD
(CASE NO. AB 2004-055 (2-00-41270))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Claimant-Appellant Warren A. Sugano (Sugano) appeals
from (1) the September 4, 2007 Decision and Order (D&O) of the
Labor and Industrial Relations Appeals Board (LIRAB), in which
LIRAB affirmed the denial of Sugano's workers' compensation claim
and concluded that Sugano had filed his appeal to LIRAB in a
timely manner, and (2) the November 2, 2007 Order Denying
[Sugano's] Motion for Reconsideration and Reopening (Order
Denying Reconsideration).

On appeal, Sugano contends

(1)  the D&O and Order Denying Reconsideration failed
     to acknowledge and apply all relevant information
     and statements and LIRAB failed to incorporate in
     the D&O and Order Denying Reconsideration a ruling
     upon each of Sugano's proposed findings of fact;

(2)  LIRAB erroneously based its D&O Finding of Fact
     (FOF(s)) 14 on Dr. Eliashof's inadmissible
     evaluation of Sugano;

(3)  LIRAB failed to address Dr. Koff's assessment of
     Sugano;

(4)   LIRAB erroneously based its D&O FOF 2 on the
      unsupported conclusion of Kaulana Young's lawful
      authority;

(5)   LIRAB erroneously drew D&O Conclusion of Law (COL)
      1 in spite of a lack of evidence;

(6)   LIRAB failed to address the audio recording of the
      Hawai'i Merit Appeals Board October 20, 2005
      hearing;

(7)   LIRAB erred in admitting Dr. Eliashof's August 28,
      2001 Independent Medical Evaluation (IME) report
      as an exhibit;

(8)   LIRAB unnecessarily addressed in the D&O FOFs 21
      through 25 and COL 2 the issue of the filing
      timeliness of Sugano's appeal;

(9)   LIRAB erred when it failed to address the issue of
      Sugano's reimbursement for eight hours of sick
      leave taken to attend to Dr. Eliashof's IME; and

(10)  a conflict of interest exists because, on appeal,
      Deputy Attorney General John H. Murphy (Murphy)
      represents both LIRAB and the State of Hawai'i
      Attorney General's Office (Employer), violating
      Hawai'i Rules of Professional Conduct (HRPC) 1.7.

Sugano argues that these grounds justify vacating LIRAB's D&O.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant statutory and case law, we resolve Sugano's
points of error as follows:

First, we must address Employer's argument that
Sugano's appeal was untimely because Sugano filed his notice of
appeal with the circuit court instead of with LIRAB.

On September 4, 2007, LIRAB entered its D&O.  On
October 4, 2007, pursuant to Hawaii Administrative Rules (HAR)
§ 12-47-53, Sugano timely filed a "Motion for Reconsideration and

Reopening of [D&O]" with LIRAB. HAR § 12-47-53 requires that a motion for reconsideration or reopening of a case be filed within 30 days after mailing of the D&O to the parties. On November 2, 2007, LIRAB denied the motion and mailed copies of the denial to the parties. HAR § 12-47-53 further requires that "[i]f the request for reconsideration or reopening is denied, the time to initiate judicial review shall run from the date of mailing the denial decision." HRS § 386-88 (Supp. 2009) provides that an appeal must be filed within thirty days of mailing the decision or order. On November 30, 2007, Sugano timely filed a document titled "Notice of Appeal to the Circuit Court" with the clerk of the circuit court and personally served a copy on LIRAB, as indicated by the certificate of service attached to the motion.

Employer argues that under HRS § 386-88,[1] Sugano should have filed his notice of appeal of the D&O with the "appellate board," i.e., LIRAB, not the circuit court. However, Sugano personally served a copy of the notice of appeal on LIRAB. Therefore LIRAB was on notice that Sugano had filed an appeal and was appearing pro se, and LIRAB should have processed Sugano's appeal despite the title of his document. We hold that Sugano's appeal was timely filed, and we have jurisdiction.

Sugano failed to ensure that transcripts of hearings were ordered and filed. Therefore, we are unable to address Sugano's evidentiary challenges, as well as his challenges to FOFs and COLs that require a review of the transcripts. See Lepere v. United Pub. Workers, Local 646, AFL-CIO, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995).

---

[1] HRS § 386-88 provides in part:

§386-88 **Judicial review**. The decision or order of the appellate board shall be final and conclusive, . . . unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board.

Sugano contends that HRS § 91-12 (1993) required LIRAB to address all 39 of his proposed FOFs (PFOFs)[2] filed on March 16, 2007. HRS § 91-12 provides:

> §91-12 **Decisions and orders.** Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law. If any party to the proceeding has filed proposed findings of fact, the agency shall incorporate in its decision a ruling upon each proposed finding so presented. The agency shall notify the parties to the proceeding by delivering or mailing a certified copy of the decision and order and accompanying findings and conclusions within a reasonable time to each party or to the party's attorney of record.

(Emphasis added.) Although the plain language of HRS § 91-12 indicates a bright line rule, courts have interpreted the rule to permit them some leeway in responding to the parties' PFOFs. See Survivors of Timothy Freitas, Dec. v. Pac. Contractors Co., 1 Haw. App. 77, 84, 613 P.2d 927, 932 (1980) (holding that although the court has to respond to each proposed finding, a ruling on each proposed finding is not indispensable).

The purpose of HRS § 91-12 "is to assure reasoned decision making by the agency and enable judicial review of agency decisions." In re Hawaii Elec. Light Co., 60 Haw. 625, 641-42, 594 P.2d 612, 623 (1979). We conclude that an agency board can achieve this goal without responding to every proposed finding of fact raised by the parties.

In Dedman v. Board of Land & Natural Resources, 69 Haw. 255, 265, 740 P.2d 28, 35 (1987), the Hawai'i Supreme Court explained that HRS § 91-12 "requires that the parties not be left to guess, with respect to any material questions of fact, or to any group of minor matters that may have cumulative significance, the precise findings of the agency." The LIRAB's FOFs appropriately address material questions of fact and those minor matters with cumulative significance. Just because the FOFs do

---

[2] This section addresses Sugano's points of error (1), (3), (6), and (9).

not address what Sugano himself deems significant does not invalidate them.

Sugano contends LIRAB's acceptance of Dr. Eliashof's IME report into evidence constituted an abuse of discretion. Sugano maintains that the DLIR's decision to suppress the report at the August 13, 2002 hearing barred LIRAB from subsequently permitting the introduction of the report. We disagree.

HAR § 12-47-41 provides LIRAB with wide discretion in managing evidence:

> The board shall not be bound by statutory and common law rules relating to the admission or rejection of evidence. The board may exercise its own discretion in these matters, limited only by considerations of relevancy, materiality, and repetition, by the rules of privilege recognized by law, and with a view to securing a just, speedy, and inexpensive determination of the proceedings.

Dr. Eliashof's report, which addressed Sugano's mental state and his claims against Employer, was clearly relevant and material. It is not privileged because the evaluation was never intended to be confidential. It was prepared to supply information to the State of Hawai'i Workers' Compensation Division to assess Sugano's claims for compensation. The consideration of this single report did not slow down or unfairly prejudice LIRAB's disposition of Sugano's appeal. Therefore, LIRAB did not abuse its discretion in permitting the introduction of Dr. Eliashof's IME report.

Sugano contends LIRAB unnecessarily readdressed the issue of the filing timeliness of his LIRAB appeal and takes issue with this use of administrative resources. Sugano claims the issue had been settled in his favor at a hearing on Employer's motion to dismiss Sugano's LIRAB appeal and in the June 14, 2004 Order Denying Motion to Dismiss Appeal. LIRAB's D&O nonetheless concluded that Sugano's filing was timely. We find no error in LIRAB's memorializing the issue of Sugano's timely filing in its D&O.

Sugano contends the representation of Employer and LIRAB by DAG Murphy created a conflict of interest in violation of HRPC 1.7. This court does not enforce the HRPC. See Rules of Supreme Court Rules 2.1-2.3 & 2.4(e)(1). We can provide Sugano no relief on this claim.

Sugano contends his stress-related injury was not the result of good-faith disciplinary action. Employer argues that if Sugano suffered from any stress-related injury, it resulted solely from good-faith disciplinary action. HRS § 386-3(c) (Supp. 2009) exempts claims for stress-related injuries arising out of good-faith disciplinary action from workers' compensation coverage:

> (c)   A claim for mental stress resulting solely from disciplinary action taken in good faith by the employer shall not be allowed; provided that if a collective bargaining agreement or other employment agreement specifies a different standard than good faith for disciplinary actions, the standards set in the collective bargaining agreement or other employment agreement shall be applied in lieu of the good faith standard.

We agree with LIRAB's FOFs on the issue of Sugano's good-faith discipline:

> 16.   [Young] testified credibly at trial that [Sugano] was not singled out or treated differently from other investigators. He required all his investigators to submit weekly time sheets. [Young] issued the October 13, 2000 memorandum because [Sugano] was repeatedly late with his time sheets. For reasons unknown to him, the October 3, 2000 memorandum was not placed in [Sugano's] personnel file.
>
> 17.   The Board finds that the October 13, 2000 memorandum was a written reprimand and, therefore, an act of discipline.
>
> 18.   Employer's disciplinary action, in the form of the October 13, 2000 letter of written reprimand, was taken in good faith and with just cause.
>
> 19.   Despite his conflicts with Employer relating to overtime, those conflicts did not prevent [Sugano] from working and it was not until he received the October 13, 2000 memorandum that [Sugano] stopped work.
>
> 20.   [Sugano's] mental stress injury, if any, on October 13, 2000, resulted solely from disciplinary action taken by Employer.

These findings substantially support LIRAB's COL that Sugano's stress-related injury resulted from good-faith disciplinary action. Sugano accordingly did not present a compensable claim under HRS § 386-3.

Therefore,

The September 4, 2007 Decision and Order of the Labor and Industrial Relations Appeals Board and the November 2, 2007 Order Denying [Sugano's] Motion for Reconsideration and Reopening are affirmed.

DATED: Honolulu, Hawai'i, January 22, 2010.

On the briefs:

Warren A. Sugano,
Claimant-Appellant pro se.

James E. Halvorson and
John H. Murphy,
Deputy Attorneys General,
for Employer-Appellee.

Chief Judge

Associate Judge

Associate Judge